UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
DJURDJURA KNATEF                                           Index No. _____

        Plaintiff,                                    **COMPLAINT**

        -against-

MACY'S RETAIL HOLDINGS LLC                                **JURY TRIAL DEMANDED**
d/b/a MACY'S,

        Defendnat.
--------------------------------------------------------x


       Plaintiff DJURDJURA KNATEF, by her Attorneys, Law Offices of Anthony Ofodile,

complaining of defendant MACY'S RETAIL HOLDINGS LLC, d/b/a MACY'S, alleges as

follows:

<b>JURISDICTION AND VENUE</b>

      1.      The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, and 28

U.S.C. §1343(a)(3) as well as under the Americans with Disabilities Act (ADA), as amended.

The court also has supplemental jurisdiction over Plaintiff's claims brought under New York

State Executive Law section 296 and New York City Administrative Code, section 8, et seq.

      2.      At all times relevant and material to this case, Macy's has in its employment a

minimum of 50 employees and met the statutory minium of employees required to file an action

under the American's with Disabilities Act (hereinafter ADA).

      3.      Venue is proper in the Southern District of New York because the events

complained of occurred in Manhattan within the Southern District of New York and the value of

the claim is more than $75,000.00.

1

**PARTIES**

3.       At all times relevant and material to this case, Plaintiff Djurdjura Knatef was

residing in Brooklyn, New York, and was an employee of Macy's Retail Holdings, LLC.,

(hereafter simply referred to as "Macy's") at its New York City location at Herald Square.

4.       At all times relevant and material to this case, Defendant Macy's was and still is a

foreign corporation licensed to do business in New York and doing business in New York with

its foreign corporate office located at 145 Progress Place, Springdale, OH 45246, Ph: (513) 346-

2210.

5 .  Macy's is licensed to and conducts business within the City and State of New York

and owns and operates many retail stores within the State of New York, including its Herald

Square, New York City location.

**FULFILMENT OF ADMINISTRATIVE REMEDIES**

6.       Plaintiff filed a charge of discrimination with the EEOC and was given a Right to

Sue Letter dated November 6, 2024, and received by Plaintiff on November 11, 2024 (a copy of

which is annexed to this complaint), and this action is filed within 90 days of the receipt of the

said Right to Sue Letter.

**FACTUAL ALLEGATIONS**

7.       Plaintiff first began working for Macy's at its Herald Square, New York City

location in November 2010.

8.        In May 2023, Plaintiff worked at the cosmetics department and while at work, a

large bottle of sanitizing alcohol fell and struck her foot.

9.        At first, Plaintiff believed that the pain would be temporary but the pain got

worse at the end of the work day and Plaintiff then made an appointment and visited her doctor during her lunch break the following day.

10.     Plaintiff was informed that it appeared that she had a broken toe but an X-ray was recommended for confirmation.

11,     On May 27, 2023, an X-ray was performed on Plaintiff's foot and it showed that she had a  broken inky toe on her left foot.

12.     At this time, Plaintiff was in a dire financial straights and had no way of paying her bills if she stopped working and so she continued to work while in pain with the broken toe.

13.     On or about August 29, 2023, Plaintiff was suffering from intense pain and returned back to her doctor.

14.     Following the visit, Plaintiff was provided with a note by William D. Spielfogel, DPM, FACFAS, which stated that she "should stay off her foot from today 8/29/23 until her next evaluation 9/28/23."

15.     As soon Plaintiff left his office, she contacted her manager and advised as to the situation and Dr. Spielfogel's recommendation.

16.     Plaintiff also  contacted HR, who provided her with the contact information for Sedgwick—the third party in charge of managing employee claims for leave. Plaintiff promptly contacted Sedgwick and advised them of what had happened as well her need for leave until September 28, 2023, and was advised that her leave was approved by Sedgwick.

17.     Plaintiff had a follow-up appointment on September 25, 2023, wherein continued rest was recommended but she was advised that she could return to work October 30, 2023.

18.     Plaintiff followed up with HR the following day which was September 26, 2023,

3

and told them of the doctor's recommendation.

19.     To plaintiff's surprise and dismay, she was told by HR that her employment had been terminated on September 15, 2023 - two weeks earlier.

20.     Plaintiff was not given a reason for her termination. Although Plaintiff was disabled as she was unable to stand for prolonged periods on her left leg because of her disability, Plaintiff could have and would have been able to perform the essentials elements of her duties with reasonable accommodation which in this case could have included giving her more time to heal, or providing a sitting position to enable her perform the essential functions of her job but defendant failed to engage in any consultative process nor give her time requested by her doctor to heal and terminated her employment.

21.     Macy's failed to adequately accommodate Plaintiff's disability and retaliated against her for taking approved leave as a result of her disability in violation of federal, state and city laws.

22.     As a result of May's discrimination, Plaintiff was humiliated, degraded, victimized, embarrassed, and emotionally distressed.

23. Macy's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law.

24. Plaintiff seeks damages for lost wages, emotional distress, punitive damages, and attorneys' fees.

## FIRST CAUSE OF ACTION

25.     Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated and re-alleged verbatim herein.

4

26.     Plaintiff was subjected to discrimination based on her disability by Macy's failure to adequately accommodate her disability by allowing her enough time to heal or engaging in discussions on how best to accommodate her disability, such as providing her with a sitting position in violation of the Americans with Disability Act, as amended.

## AS FOR A SECOND CAUSE OF ACTION

27.     Plaintiff repeats and re-alleges paragraphs 1 through 26 as if each paragraph is repeated and re-alleged verbatim herein.

28.     Plaintiff was subjected to retaliation when Macy's terminated her employment within two weeks of requesting reasonable accommodation to deal with her disability in violation of the ADA.

## AS FOR A THIRD CAUSE OF ACTION

29.     Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each paragraph is repeated and re-alleged verbatim herein.

30.     Plaintiff was subjected to discrimination based on her disability by Macy's failure to adequately accommodate her disability by allowing her enough time to heal or engaging in discussions on how best to accommodate her disability, such as providing her with a sitting position in violation of the New York State Human Rights Law (Executive Law § 296), as amended.

## FOURTH CAUSE OF ACTION

31.     Plaintiff repeats and re-alleges paragraphs 1 through 30 as if each paragraph is repeated and re-alleged verbatim herein.

32.     Plaintiff was subjected to retaliation when Macy's terminated her employment

within two weeks of requesting reasonable accommodation to deal with her disability  in

violation of the New York State Human Rights Law (Executive Law § 296), as amended.

## AS FOR A FIFTH CAUSE OF ACTION

33.     Plaintiff repeats and re-alleges paragraphs 1 through 32 as if each paragraph is

repeated and re-alleged verbatim herein.

34.     Plaintiff was subjected to discrimination based on her disability by Macy's failure

to adequately accommodate her disability by allowing her enough time to heal or engaging in

discussions on how best to accommodate her disability, such as providing her with a sitting

position in violation of the New York City Civil Rights Law § 8, *et seq.*, as amended.

## AS FOR  A SIXTH OF ACTION

35.     Plaintiff repeats and re-alleges paragraphs 1 through 34 as if each paragraph is

repeated and re-alleged verbatim herein.

36.     Plaintiff was subjected to retaliation when Macy's terminated her employment

within two weeks of requesting reasonable accommodation to deal with her disability  in the New

York City Civil Rights Law § 8, *et seq.*, as amended.

**WHEREFORE**, Plaintiff demands judgment against Macy's:

i.  Awarding her general compensatory damages in the amount to be proved at trial in

accordance with proof;

ii.  Awarding her back wages and front pay in the amount to be proved at trial with

interest;

iii. Declaring that the Defendant violated Plaintiff's rights under the ADA, section 296 of

New York State Human Rights Law, and New York City Civil Rights Law.

iv. Reinstating Plaintiff with appropriate Orders to prevent discrimination including transfers of relevant personnel.

iv. Awarding Plaintiff costs, attorneys fees and expenses in the amount to be proved at trial and in accordance with proof under appropriate laws that provide for such;

vi.  Awarding Plaintiff punitive damages in the amount to be proved at trial and in accordance with proof.

vii.   Awarding any other further relief that plaintiff be shown entitled to.


Dated:  Brooklyn, New York
         February 5, 2025

LAW OFFICES OF ANTHONY OFODILE
Attorneys for Plaintiff Christopher Oji


By: *Anthony C. Ofodile*
ANTHONY C. OFODILE, ESQ.
 498 Atlantic Ave.
 Brooklyn, NY 11217
 Tel. No.:  (718) 852-8300 Ext. 2
 Fax No.: (718) 852-7361
  ACOfodile@aol.com